UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § § | |
| v. | § § | CRIMINAL NO. H-09-604-1 |
| WILLIAM LEROY FERGUSON | § § § § | |

## MEMORANDUM AND ORDER

Pending before the Court is Petitioner/Defendant William Leroy Ferguson's ("Defendant") Motion to Set Aside Guilty Plea and Vacate Sentence [Doc. #50] ("Motion"). Respondent, the United States of America (the "United States") filed a Response [Doc. #68]. Having considered the applicable legal authorities and all matters of record, the Court concludes that Defendant's Motion should be **denied**.

On January 7, 2010, Defendant pled guilty to the charge of transportation of child pornography in interstate or foreign commerce in violation of 18 U.S.C. §2252A(a)(1) and 2252A(a)(b)(5). Plea Agreement as to William Leroy Ferguson [Doc. #24]. On April 15, 2010, the Court imposed a sentence of 109 months of imprisonment, followed by a ten-year term of supervised release. *See* Sentencing Order [Doc. #40]. The Court entered judgment on Mr. Ferguson's conviction on April

27, 2010. *See* Judgment as to William Leroy Ferguson [Doc. #48]. The Defendant then filed a Notice of Appeal to the United States Court of Appeals for the Fifth Circuit on April 20, 2010 [Doc. #44]. Subsequent to filing his appeal, which is currently pending, on April 27, 2010, Defendant filed the instant Motion. *See* Motion.

Federal Rule of Criminal Procedure 11 provides that, after the court imposes sentence, a defendant may not withdraw a plea of guilty, and "the plea may be set aside only on direct appeal or collateral attack." FED. R. CRIM. P. 11. Under 28 U.S.C. § 2255, "a prisoner in custody . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside, or correct the sentence." 28 U.S.C.A. § 2255. However, "a motion to vacate sentence under 28 U.S.C. § 2255 will not be entertained during the pendency of a direct appeal, inasmuch as the disposition of the appeal may render the motion moot." *Welsh v. United States*, 404 F.2d 333, 333 (5th Cir. 1968), *abrogated on other grounds* by *United States v. Ortega*, 859 F.2d 327, 334 (5th Cir. 1988). "In such a situation, the defendant's § 2255 motion should be dismissed without prejudice to refiling after resolution of the direct appeal." *Hernandez-Muniz v. United States*, 2009

WL 2253249, *1 (S.D. Tex. July 28, 2009) (citing *United States v. Fantozzi*, 90 F. App'x. 73, 74 (5th Cir .2004)).

Based on the foregoing, Defendant's Motion, which was filed after the Court imposed sentence and during the pendency of his direct appeal, is denied without prejudice to refiling after resolution of his direct appeal.  *See* FED. R. CRIM. P. 11; *Welsh*, 404 F.2d at 333; *Hernandez-Muniz*, 2009 WL 2253249 at *1.  It is therefore

**ORDERED** that Defendant's Motion [Doc. # 50] is **DENIED WITHOUT PREJUDICE**.

SIGNED at Houston, Texas, this 7th day of **July, 2010.**

_____
Nancy F. Atlas
United States District Judge